COMMERCIAL TELEPHONE COMPANY v. J. R. DAVIS.

Decided June 28, 1906.

**1.—Charge—Assuming Unquestioned Facts.**

Instructions should not treat as doubtful facts which are unquestioned, but may assume that they exist.

**2.—Damages—Personal Injury.**

Evidence considered and held to sustain a recovery of $5,000 for personal injury to a traveler on the highway, through his horse getting entangled in a wire negligently permitted to fall down by a telephone company.

Appeal from the District Court of Chambers County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett,* for appellant.—On excessive verdict: International & G. N. Ry. Co. v. Underwood, 64 Texas, 469; Railway Company v. Buckalew, 3 Texas Civ. App., 622; Texas & P. Ry. v. Morin, 66 Texas, 225; I. G. N. Ry. v. Hall, 15 S. W. Rep., 108; St. Louis Ry. v. Finley, 15 S. W. Rep., 390.

*Marshall & Marshall,* for appellee.—That the court in its charge may assume a fact proven where there is no controversy, or where the evidence is undisputed, we cite: Wintz v. Morrison, 17 Texas, 387; International & G. N. Ry. Co. v. Stewart, 57 Texas, 170; Artusy v. Missouri

Pac. Ry. Co., 73 Texas, 194; Capp v. Terry, 75 Texas, 403; Beaumont Pasture Co. v. Preston, 65 Texas, 452.

The verdict of the jury for five thousand dollars is not excessive in light of the evidence, but is fully supported by same. Missouri Pac. Ry. Co. v. Aiken, 71 Texas, 379; Missouri Pac. Ry. Co. v. Johnson, 72 Texas, 103; Missouri, K. & T. Ry. Co. v. Cook, 12 Texas Civ. App., 543; East Line & Red River Ry. Co. v. Smith, 65 Texas, 173; Western U. Tel. Co. v. Broesche, 72 Texas, 659; Ft. Worth & N. O. Ry. Co. v. Wallace, 74 Texas, 585; Cook v. Garza, 9 Texas, 362; Brocke v. Clark, 57 Texas, 113.

REESE, Associate Justice.—J. R. Davis instituted this suit against the Commercial Telephone Company to recover $30,000 damages for personal injuries. It is alleged that while plaintiff was riding along the public road from Liberty to Wallisville his horse became entangled in a telephone wire put up by defendant, across said public road, and which it had negligently allowed to be down, resulting in plaintiff being thrown from his horse and receiving the injuries of which he complains. There was a verdict for plaintiff for $5,000, from the judgment upon which defendant appeals.

It is assigned as error that in its charge the court assumed the existence of certain material facts about which there was a controversy. The assignments presenting the question do not specify what particular facts were so improperly assumed, nor does the statement thereunder enlighten us upon this point. The only facts which can be said to have been assumed are the accident and injury to the appellee. There was no error in assuming that there had been an accident to appellee and that he had sustained injuries thereby. There was no issue raised by the evidence as to these facts. Three witnesses testified for appellee with regard to such accident and injuries, all agreeing in their testimony, and the testimony is not controverted in any particular on this point. "Where there is no conflict in the testimony, and no room to doubt or to hesitate as to a matter of fact in issue, the judge in his charge ought not to assume that it is, or may be, doubtful. . . . Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact and the court should proceed upon that basis." (Wintz v. Morrison, 17 Texas, 388.)

The issue as to whether the accident was caused by the negligence of appellant was submitted to the jury by proper instructions, and especially by a charge given at the request of appellant.

Appellant also complains that the damages allowed by the verdict and judgment are excessive. The amount awarded appears to us to be very large and we have had much difficulty in determining whether it is not so much so that the verdict should not be allowed to stand. There is, however, nothing in the record, except the amount of the damages awarded, to indicate that the jury were influenced by anything except their honest judgment as to the extent and seriousness of appellee's injuries and the amount of physical and mental suffering undergone by him, in consequence thereof.

Appellee is a lawyer and it appears that he has sustained a fracture of the jaw, which the medical witness calls a "green stick" break, by

which is meant, as explained by him, a crack without any separation of the bone, and also that the lip had been torn loose and lacerated on the inside. There was considerable injury to the neck, from which appellee testified that he was still suffering at the time of the trial, more than a year after the injury was received, and that he could not turn his head without turning his entire body, or move it at all without pain. Appellee testified that from this injury he suffered pain all the time, and at times seriously, that his chin was partly paralyzed and the muscles and ligaments injured. The testimony of the medical man is uncertain and indefinite, but appellee himself testifies quite positively about his injuries and the pain he has suffered, and is still suffering, and his testimony is not attempted to be controverted.

After a most careful examination of this testimony our conclusion is that while the verdict appears to us to be for a larger amount than should have been awarded, we are unable to say that it is so excessive as to indicate that it is the result of passion or prejudice on the part of the jury, or other improper influences, which we must find before we can properly substitute our judgment for that of the jury, in the matter. (East Line & Red River Ry. Co. v. Smith, 65 Texas, 173.) This is especially true in view of the fact that the verdict has undergone the security of the learned and experienced trial judge by whom it is approved.

The record presents no error requiring a reversal of the judgment and it is affirmed.

*Affirmed.*