CURETON, C. J. The opinion of the Commission of Appeals answering certified questions adopted, and ordered certified to the Court of Civil Appeals.

---

LAMAR v. PANHANDLE & S. F. RY. CO. et al. (No. 342–3717.)*

(Commission of Appeals of Texas, Section B. Feb. 14, 1923.)

1. **Appeal and error** ⬳499(4)—**Record must show objections to general charge, made before charge read to jury.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1971. objections to general charge will be considered as waived, where the record does not show that they were made and presented in proper time; that is, before the charge is read to the jury.

2. **Appeal and error** ⬳553(1)—**Statute as to reviewing refusal of charge without formal bill of exceptions held applicable to cases submitted on general charge or special issues.**

Vernon's Ann. Civ. St. Supp. 1918, art. 1974, as to review of refusal of special instruction without formal bill of exceptions, is applicable to cases submitted on a general charge or special issues.

3. **Appeal and error** ⬳499(4)—**Objections to main charge inserted in special charges held timely.**

Record showing that appellant's counsel presented two special charges, and inserted in said special charges, in separate paragraphs in each case, his objections to relevant paragraphs of the court's main charge, *held* to show the objections to the main charge were presented in proper time, as the special charges were in time, and complied with Vernon's Ann. Civ. St. Supp. 1918, art. 1974.

4. **Carriers** ⬳316(4)—**Trial** ⬳194(18)—**Rule as to burden of proof in case of wreck stated; instruction on burden of proof held on the weight of the evidence.**

While proof of occurrence of a wreck or derailment makes out a prima facie case of negligence which the carrier sued for injury to a passenger must repudiate by proof, yet when any explanation of the wreck is offered by defendant the presumption falls, and the court should not then charge that the burden of proof is on the carrier to show that the wreck was not the proximate result of negligent operation, and such a charge would, in such case, be one on the weight of evidence.

5. **Trial** ⬳203(1)—**Submitting as issues whether there was a wreck and whether injured person was a passenger, held error, where such facts admitted.**

In action for injuries to passenger in wreck, where the wreck and the fact that person injured was a passenger were undisputed, *held* error to submit to the jury in the main charge the questions as to whether there was a wreck and as to whether the injured person was a passenger.

6. **Trial** ⬳350(8)—**Admitted facts should not be submitted.**

Admitted facts should not be submitted as issues, and thereby possibly confused with other issues.

7. **Appeal and error** ⬳1047(3)—**Carriers** ⬳317(9)—**Testimony as to injuries to trainmen held admissible, and an instruction excluding it from consideration of jury harmful error.**

In action for injuries to passenger in wreck, caused by head-on collision, testimony that by the wreck a fireman was killed, and that one of the engineers had a leg broken, was admissible, not only as tending to show that the injured passenger was not thrown from her seat by carelessly occupying it, as alleged in the answer, but also as tending to disprove defendant's contention that the wreck was a slight one, and that injured passenger's injuries were not caused by the wreck as much as by things that happened to her early in life, and an instruction to disregard such testimony was not rendered harmless error by other evidence showing the force of the collision, such as that one engine was knocked 300 feet down the track and the other engine demolished.

8. **Appeal and error** ⬳1056(1)—**Exclusion of material evidence held prejudicial.**

Where personal injury case was submitted to the jury upon a general charge, and general verdict for defendant returned, which could have been based upon any one or more of three or four distinct theories, so that it was impossible to ascertain upon what theory the verdict was returned, and by what evidence the verdict was influenced, *held* that the exclusion of evidence material to any of the decisive issues before the jury was harmful.

9. **Appeal and error** ⬳1032(3)—**Erroneous charge should clearly appear to be nonprejudicial.**

Where an erroneous charge is submitted, it must rather clearly appear from the record that no prejudice resulted to appellant.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied March 14, 1923.

**10. Appeal and error ⬅1031(1)—Doubt as to prejudice resolved in appellant's favor.**

Where there is doubt as to whether error was harmful, the doubt should be resolved in favor of the one against whom the error was committed.

**11. Appeal and error ⬅1064(2)—Trial ⬅ 186—Charge erroneously excluding evidence held improper and prejudicial in stating evidence was "highly improper."**

Charge, erroneously excluding material evidence in personal injury case, was prejudicial and improper in stating that the testimony excluded was "highly improper," and that the jury "must disregard it altogether," thus possibly casting a damper over plaintiff's whole case, in view of the rule that the trial judge must exercise the greatest care in preventing the jury from ascertaining the views of the court upon the credibility of witnesses or the weight he gives to their testimony.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Jesse Lamar against the Panhandle & Santa Fé Railway Company and others. Judgment for defendants was affirmed by the Court of Civil Appeals (234 S. W. 605), and plaintiff brings error. Reversed and remanded.

Barrett & Works, of Amarillo, for plaintiff in error.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for defendants in error.

POWELL, J. The Court of Civil Appeals, in an opinion by the late Chief Justice Huff, states the nature of this case accurately, as follows:

"This action was brought by appellant, Lamar, against appellee railway company for damages occasioned by injuries received by his wife on a passenger train of appellee, and while she was a passenger thereon, between Lubbock and Farwell, near Lariat; 'through some negligence not definitely known to plaintiff, said train had a collision, and was negligently wrecked and jolted and jarred and partially derailed, and shook to such an extent that it threw plaintiff's said wife down against the floor and seats of said train and car in which she was riding as such passenger,' inflicting injuries for which damage is sought. The defendant railway company answered by general denial alleging specially that the wife of appellant was herself negligent, which contributed to her injuries, and that they were negligent in treating her injuries afterwards, and that her present condition, if diseased, was not caused by the injuries received on the train, but was from prior causes which she had sustained perhaps in earlier life, etc. It is alleged that the jar or jolt was caused by the striking of two of defendant's engines, one of which was pulling the passenger train in question, which was occasioned by or occurred in a blinding snowstorm of a nature unprecedented in that section of the country, and which

could not have been in any manner anticipated. They further allege a settlement with the wife by paying her $50, which she and her husband accepted as full settlement of the injuries sustained. The plaintiff, by supplemental petition, pleaded that the settlement was procured by fraud, and that the wife was induced to sign it by false and fraudulent representation and at a time when she was mentally incapacitated from entering into such arrangement, and further pleaded coverture; that is, that her husband did not join with her in the making of the settlement. The railway company, by supplement in answer to plaintiff's last plea, set up estoppel against the plaintiff, the husband, to deny the validity of the release, in that he accepted the $50 paid in settlement to his wife, and received the benefit with full knowledge of the source, and refused to turn it back, etc. The case was submitted to a jury upon a general charge, and a general verdict was rendered for the defendant, and judgment entered accordingly. The facts show that Mrs. Lamar was a passenger on the train in which she was injured; that the passenger train upon which she was riding was traveling east, and there was a freight train on the same track, traveling west; that at the time of the injury there was a severe snow storm prevailing, and that the freight train had been stalled in a cut, and the engine of that train cut loose, and, as described, was 'bucking' the snow, and it seems had gone forward when the collision occurred between the passenger engine and the freight engine, knocking the freight engine some distance down the track and demolishing the other engine. The mail car seems to have been partially turned over, and the coach in which Mrs. Lamar was riding apparently was lifted off the track or tilted, but settled back on the track, and she was thrown from her seat into the aisle, and apparently rendered unconscious at the time. There is some evidence to the effect that a flagman had been stationed in order to flag the train, but on account of the snow the engine passed the flagman without seeing him. The facts in 'this particular are very meager, and evidently not fully developed by either party. At this time we will not state the facts further, but in considering some of the assignments we will call attention to the necessary facts."

Upon appeal to the Court of Civil Appeals, that court affirmed the judgment of the trial court. See 234 S. W. 605.

[1] The Court of Civil Appeals declined to consider certain objections to the general charge of the court because it did not appear from the record, in their judgment, that these objections were presented to the trial court before his charge was read to the jury, as required by our statutes. Article 1971 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914, as enacted in 1913, reads as follows:

"The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which

to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived; before the argument is begun, the judge shall read his charge, and all special charges given by him to the jury in the precise words in which they were written; he shall not charge or comment on the weight of evidence; he shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact only to the decision of the jury."

The Court of Civil Appeals correctly holds that, under above statute, objections to the general charge will be considered as waived where the record does not show that they were made and presented in proper time; that is, before the charge is read to the jury. This is clearly decided by our Supreme Court, in a very able opinion, by Chief Justice Phillips, in case of Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184. In this latter case, Justice Phillips held that a formal bill of exceptions setting out such objections is not necessary.

In the case of Railway Co. v. Bartek, 213 S. W. 602, the Commission of Appeals correctly holds that—

"The act of 1913 clearly contemplates that special charges, as well as objections to the main charge, should be presented to the trial judge before his main charge is read to the jury."

[2] In 1917, the Legislature enacted what is now article 1974 of the 1918 Supplement to Vernon's Sayles' Revised Civil Statutes of Texas of 1914, which said article reads in part as follows:

"When a special instruction is requested and the provisions of this law have been complied with and the trial judge refuses the same, he shall endorse thereon; 'Refused,' and sign the same officially, and such charge, when so endorsed, shall constitute a bill of exceptions and it shall be conclusively presumed on appeal that the party asking said charge presented the same at the proper time and excepted to its refusal, and that all the requirements of law have been observed, and the same shall entitle the party requesting such charge to have the action of the trial judge in refusing the same reviewed on appeal without preparing a formal bill of exceptions."

In the case of Walker v. Hirsch Cooperage Co., 236 S. W. 710, the Commission of Appeals correctly decides that aforesaid article 1974 is applicable to cases submitted on a general charge or special issues.

[3] In the case at bar, counsel for Lamar presented two special charges, and inserted in said special charges, in separate paragraphs in each case, his objections to relevant paragraphs of the main charge of the court. Article 1974 was complied with in the presentation of these special charges, and the Court of Civil Appeals reviewed the action of the trial court in refusing the special charges, and held that they were properly refused. But, as before stated, the Court of Civil Appeals held that the record did not show that the objections to the main charge were presented in proper time and refused to consider such objections.

Does the record show that the objections to the main charge were presented in proper time? We think it does. It may be an unusual practice, and somewhat irregular, to present in the *same paper* a special charge and a relevant objection to the main charge. But, counsel did this very thing in the case at bar at one and the same time and as parts of the same instrument. By one instrument he presented to the trial court a special charge and a relevant objection to the main charge. Under our statutes, all these matters must be submitted before the main charge is read to the jury. Our law provides that a special charge, such as we have in the case at bar, shall be conclusively presumed to have been presented in proper time. The Court of Civil Appeals, in this very case, holds that the special charge was presented in time. Therefore it seems clear to us that it must be presumed, in the absence of evidence to the contrary, that these objections to the main charge were presented in the proper time. In other words, we think this record satisfied the law, and shows that these objections to the main charge were presented within the time required by law. Therefore we are of the view that the Court of Civil Appeals erred in refusing to consider these objections to the main charge.

[4] The first of these latter objections is as follows:

"Because it puts the burden of proof on the plaintiff to prove the material allegations of his petition; because the law is that when a wreck occurs and injury is the proximate result thereof to a passenger on a passenger train, the burden of proof is on those operating the railroad to show that the wreck was not the proximate result of the negligence of such operators."

Counsel for Lamar presented a special charge embodying above objection. The Court of Civil Appeals held, and we think correctly, that said special charge was properly refused by the trial court. We are not unmindful of the rule to the effect that the occurrence of a wreck or derailment makes out a prima facie case of negligence, which the railway company must repudiate by proof, but there is an equally well-recognized rule that, when any explanation of the wreck is offered by the railway company, the rule ceases to apply, and the court is not permitted to charge the jury as counsel for plaintiff in error here insists, because the charge

then becomes one upon the weight of the evidence. See Railway Co. v. Parks, 97 Tex. 135, 76 S. W. 740; Railway Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Railway Co. v. Burnett, 80 Tex. 536, 16 S. W. 320; Railway Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103; Railway v. Thompson, 2 Tex. Civ. App. 170, 21 S. W. 137; Railway Co. v. Day, 50 Tex. Civ. App. 407, 111 S. W. 663; Railway Co. v. Burleson (Tex. Civ. App.) 157 S. W. 1178.

In the case of Railway Co. v. Lauricella, supra, our Supreme Court says:

"Although the derailment of the train may have been sufficient to raise the presumption of negligence, yet it did not devolve upon the defendant the duty of showing by evidence of a preponderating weight that the accident was not the result of its negligence. It was entitled to a verdict if the evidence upon the issue was balanced; that is, if it preponderated on neither side."

In the case of Railway Co. v. Parks, supra, Chief Justice Gaines speaks for our Supreme Court as follows:

"Clearly, an injury to a passenger on a railroad resulting from a derailment of a train or the abnormal operation of the machinery gives rise to an inference of negligence on part of the company which may authorize the jury to so find; and it may be that in such a case, where the defendant has offered no evidence to rebut the inference, the court would be warranted in instructing the jury to find for the plaintiff upon the issue. But where the defendant company has introduced evidence which tends to show that it has used all proper care to avoid such accident, a charge which instructs the jury that the fact of the injury is prima facie evidence of negligence, which the defendant is called upon to rebut by showing that it has used such care, gives a preponderating effect to the inference of negligence arising from the fact of the injury, shifts the burden of proof, and is a charge upon the weight of the evidence."

In the case at bar, an attempted explanation of the wreck, and the care taken by the company to avoid it, was presented by the railway company. Therefore the main charge of the court was not subject to the objection now under discussion. We think this contention of counsel should be overruled.

[5, 6] Aside from the objection to the main charge heretofore discussed, only two other complaints were urged against it. These two involve the same point of law, and are as follows:

"(a) Because it submits to the jury the question as to whether there was a wreck of the train, when this fact was proven by the undisputed testimony, as well as alleged by the defendants, and should have been assumed by the court.

"(b) As to whether plaintiff was a passenger at the time in question, because this was a fact alleged and proven by both parties and undisputed, and the court should have assumed the fact that she was a passenger, at the time in question."

The trial court did submit said two issues to the jury. Under the pleadings and evidence in this case, we think it was error to do so, for these facts were admitted by all. The latter part of article 1971 of our statutes, heretofore quoted by us, provides that the trial court "shall submit all controverted questions of fact only to the decision of the jury." The reason for this statute is obvious. Every possible effort should be made by trial courts to simplify their charges to juries and render less likely any confusion on their part. Admitted facts should not be submitted and thereby possibly confused with other issues. For authorities sustaining our views in this connection, see Railway Co. v. McCoy, 90 Tex. 264, 38 S. W. 36; Railway Co. v. Rowland, 90 Tex. 365, 38 S. W. 756; Texas Land & Loan Co. v. Watson, 3 Tex. Civ. App. 233, 22 S. W. 873; Railway Co. v. Enos (Tex. Civ. App.) 50 S. W. 595; Commercial Tel. Co. v. Davis, 43 Tex. Civ. App. 547, 96 S. W. 939.

In the case of Railway Company v. Rowland, supra, Chief Justice Gaines says:

"The instructions presented a question not made by the pleading and evidence, and their only effect, in our opinion, was to confuse and mislead the jury. We have recently held, in a very similar case, that such instructions are erroneous and require a reversal of the judgment, and we are still of that opinion. Railway Co. v. McCoy [(Tex. Sup.) 38 S. W. 36]. The testimony was in sharp conflict as to the plaintiff's negligence, and therefore we cannot say that the jury were not misled by the charge. We therefore think that the judgment ought to be reversed."

In the case last quoted from the trial court submitted the issue of proximate cause in connection with contributory negligence. The specific defense of contributory negligence was that the plaintiff jumped from the train. The Supreme Court held that if he did so jump, and was thereby injured, his act was the immediate cause of his injury, and hence there was no question of proximate cause involved in that issue. So holding, the court held the submission of the latter issue was reversible error. Therefore we think the trial court erred in not amending his main charge so as to meet these objections urged by counsel for Lamar.

Counsel for the railway company, in their brief in the Court of Civil Appeals, concede that the trial court was in error in submitting these admitted issues to the jury. However, they contend that these portions of the charge were largely formal and introductory, and could not have resulted in prejudice to Lamar. In view of what we shall hereafter say, it is not necessary for us to determine whether or not the error hereto-

fore discussed, if standing alone, would necessitate a reversal of the judgment in this case and a remand for another trial.

[7] Counsel for plaintiff in error allege error upon the part of the trial court in charging the jury, after the case had been argued before them by the attorneys, as follows:

"Upon the trial of this cause during the examination of the witness T. C. Mitchell the following question was asked by attorney for plaintiff and answered by the witness, to wit: 'Q. (by Mr. Barrett). Was anybody also killed on the train besides her being hurt? A. (by witness). The fireman on the front end.' And during the examination of the witness H. J. Gentry he testified in part as follows: 'It killed one fireman. * * * Well, it killed one fireman, * * * and broke one engineer's leg.' You are instructed that such evidence is highly improper, and that it is withdrawn from you, and you must not consider same for any purpose, but must disregard it altogether."

In passing upon this assignment, the Court of Civil Appeals says:

"The seventh assignment assails the action of the court in charging the jury to disregard the testimony of the witnesses Gentry and Mitchell, which was to the effect that a fireman was killed, and that one of the engineers had a leg broken. The testimony, as shown by the bill of exception, is that in the collision the fireman was killed and one of the engineers had a leg broken. The testimony was admissible. It was part of the occurrence, and had a tendency to show the force of the impact of the two engines, and would tend to show that Mrs. Lamar was not thrown from her seat in the car by carelessly occupying it, as charged in the answer. The court was in error in charging the jury to disregard the evidence, and that it was highly improper as such. Railway Company v. Wright, 19 Tex. Civ. App. 47, 47 S. W. 56 (4); Railway Company v. Lehenberg, 75 Tex. 61, 12 S. W. 838. However, in holding the testimony admissible, we think no material injury is shown by its exclusion. The undisputed facts show there was a head-on collision, in which the lighter engine was knocked down the track 300 yards, and another engine demolished. The passenger train was being pulled by a double header. The mail coach was partially turned over on its side, but the coach in which Mrs. Lamar was riding did not leave the track, and no other coach in 'the train was turned over or left the track.' These facts it seems to us sufficiently establish the force which appellant sought to show as causing Mrs. Lamar to be thrown from her seat in the car and to negative contributory negligence. If the killing of the fireman or crippling of the engineer had been shown, it would have added but little, if any, force to appellant's theory. The exclusion of this testimony was not reasonably calculated to have induced a different verdict."

The evidence of Gentry and Mitchell was clearly admissible, as the Court of Civil Appeals held. Therefore we agree with that court in holding that the trial court erred in charging the jury to disregard the testimony in question. But we cannot agree with the Court of Civil Appeals in its conclusion that the giving of this charge was harmless error.

[8] This case was submitted to the jury upon a general charge. A general verdict for the railway company was returned. This verdict could have been based upon any one or more of three or four distinct theories. When that is true, it is impossible for the Court of Civil Appeals to know, or for the defendant in error to show, upon what theory the verdict was returned and by what evidence its verdict was influenced. Therefore, if this evidence was material to any of the decisive issues before the jury, the error was harmful, and the case must be remanded for another trial. See Tisdale v. Railway Co. (Tex. Com. App.) 228 S. W. 137, 16 A. L. R. 1264, and authorities there cited.

The Court of Civil Appeals states that this evidence was admissible as tending to show that Mrs. Lamar's injuries were not due to her carelessness or contributory negligence. This is true. But the railway company not only pleaded her negligence in handling herself in the coach, but among its pleadings we also find the following:

"That the concussion or movement of said train produced by said engines so coming together had little or no effect upon the passengers in said train, and produced no inconvenience or discomfort to any of such passengers, saving only that the plaintiff's wife herself claimed to have been caused to fall out of her seat."

A further reading of the pleadings and the statement of facts shows that the railway company was seriously contending that this was a very slight wreck, and that any injury to Mrs. Lamar must have been exceedingly slight. Not only so, but the larger part of the statement of facts is taken up by witnesses who testified for the railway company that her condition at the time of the trial was due to things which happened to her early in life. In other words, the statement of facts shows a strenuous contention that this was, in a sense, a fake suit and an effort to recover a large sum of money for injuries which were not only slight, but which were due to circumstances happening long before the wreck. We conclude that the testimony of Gentry and Mitchell was not only relevant on the alleged contributory negligence of Mrs. Lamar, but as a circumstance tending to attest the good faith of her claim and the extent of her injuries. If one other person on the same train was killed, and still another had a leg broken, the jury might very reasonably have more readily concluded that Mrs. Lamar was not only injured without negligence on her part, but that she was seriously injured. It may be that upon these closely contested issues the testimony of these two witnesses would

have turned the scale in Mrs. Lamar's favor, and this is all the more possible, since these very witnesses were attending the trial at the request of the railway company, and were in its employ at the time of the accident in question. It is also true that no other witness gave this testimony. It was not cumulative of other evidence in the case. As said by the Court of Civil Appeals, the light engine of the freight train was knocked 300 yards down the track and another engine demolished, but there is no other evidence that the passenger train was so wrecked as to cause an injury to any other person thereon than Mrs. Lamar.

The Court of Civil Appeals practically admits that the evidence in question might have added a "little force" to plaintiff in error's theory. If so, as we have said before, it might have been sufficient to have turned the scale in her favor and caused the jury to render her a verdict.

[9, 10] The Court of Civil Appeals says this testimony, erroneously excluded by the court, "was not reasonably calculated to have induced a different verdict." We cannot agree with this conclusion, for we do not think any one can tell what might have influenced the jury. The record presents no word from them on this point. It is as silent as the grave. Consequently, we are relegated solely to the field of pure conjecture in trying to determine what may have influenced these jurors in their deliberations. We think the courts of this country should proceed slowly, to say the least of it, in following a request to guess off the rights of men. Where an erroneous charge is submitted, it must rather clearly appear from the record that no prejudice resulted to the one erred against. In this case we do *know* one thing, and *one only*, and that is that the jury found against Mrs. Lamar. The loss of any evidence which might have helped her very likely injured her. At any rate, she seemed to have needed more evidence than she had before the jury. At best, it seems to us that one must be doubtful as to whether or not the error was harmful. In that event, the doubt should be resolved in favor of the one against whom the error was committed. See Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne, Agt., v. Harris (Tex. Com. App.) 241 S. W. 1008. In the former case, Judge Randolph, of the Commission of Appeals, says:

"Feeling that the communication made was such as leaves it doubtful as to whether or not the verdict of the jury, in part at least, was not influenced against the defendant, we recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and remanded for a new trial."

In the case of Express Co. v. Chandler, 231 S. W. 1085, the Commission of Appeals, in an opinion by Judge Spencer, says that—

"Unless it can be said that in all probability the error was primarily harmless, or rendered so by the withdrawal of the comment, a reversal of the judgment will follow."

We think this is correct, and that every reasonable doubt should be resolved in favor of the one erred against. We do not think it can be said that "in all probability" the verdict in the case at bar was not influenced by the withdrawal of this testimony. Therefore we think the giving of this charge withdrawing this evidence was not only error, but error for which the case should be reversed.

[11] We will say further, in passing, that this charge is probably highly prejudicial to the whole case of plaintiff in error. Coming after the close of the argument to the jury, and couched in the very language employed, the jury may have concluded that the trial judge had no faith in these witnesses. The court told the jury that this portion of the testimony of the witnesses was "highly improper," and that they "must disregard it altogether." In the absence of any explanation as to why it was so "highly improper," the jury might have imagined the court had a number of reasons for so charging them. Since it is admitted that the charge was erroneous in withdrawing the evidence, we are all the more impressed with the theory that it was likely prejudicial in many ways, and possibly cast a damper over the plaintiff in error's case. It is incumbent upon trial judges to exercise the greatest care in preventing the jury from ascertaining the views of the court upon the credibility of the witnesses or the weight he gives to their testimony.

We have most carefully considered the errors heretofore discussed, and we entertain the gravest doubt as to whether or not plaintiff in error has had in the trial court a fair, lawful, and impartial trial. It is practically admitted that all the errors heretofore discussed were committed, and we are asked to hold that they were all harmless. We are not unmindful of the desire on the part of almost every one to end litigation, but we feel that in this case the record does not show that Lamar has not been prejudiced by reason of the errors committed. For that reason, we think it is much the safer plan to give him another trial.

The other assignments of error in the application have been correctly decided by the Court of Civil Appeals, in our judgment.

Because of the errors heretofore pointed out by us, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for another trial not inconsistent herewith.

CURETON, C. J. The judgment recommended in the report of the Commission of

Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.