### TEXAS CENTRAL RAILWAY COMPANY v. C. G. BURNETT.

#### No. 7017.

1. **Opinion—Injury in Collision of Railway Trains.**—It was competent to allow a physician as witness, and knowing the condition of the party injured in a railway collision, to give his opinion as to whether her injuries were such as would likely have resulted from such concussion as was shown.

2. **Pleading and Evidence.**—In action by husband for injuries to his wife in a railway wreck the petition set out the injuries received and stated that they rendered his wife unable to attend to the ordinary affairs of life, and for this sought damages. No special exceptions were urged to the petition. *Held,* that under the pleadings it was relevant to show the value of the services of the wife.

3. **Charge.**—It is no ground for reversal that the court referred to the amount of damages claimed—not giving prominence to the amount. The petition claimed $20,000 damages and the jury gave $3000.

4. **Charge.**—It is not error in the charge to enumerate facts necessary to plaintiff's case and instruct a verdict for plaintiff upon finding them true from the testimony.

5. **Charge Upon Weight of Evidence.**—In an action against a railway company for damages for injuries inflicted in a collision, the court instructed the jury, "When it is shown by the proof that an injury was received by reason of and as the direct result of an unusual occurrence, then the law presumes the occurrence so causing the injury to have happened by reason of negligence, unless it further appears by the proof that such an unusual occurrence was not the result of negligence, but was caused by some circumstance or cause which the exercise of the greatest care and prudence could not have prevented." *Held:* The statute declares that a judge "shall not charge or comment on the weight of evidence," and the charge in question clearly violated it.

ERROR from Shackelford. Tried below before Hon. T. H. Conner.

Error to revise a judgment for $3000, recovered below by the plaintiff for personal injuries suffered by his wife in a collision upon the road of the appellant.

*L. C. Alexander*, for plaintiff in error.—1.   The court should have suppressed the depositions of Baird and the seventeenth interrogatory and answer, because the same was clearly leading, was material, and sought to elicit the opinion of Baird in reference to the laws of force and motion when he had not qualified as an expert with reference thereto.

The seventeenth interrogatory was, "Please state your opinion on the following case:   Suppose a woman of the size and weight of Mrs. Burnett should be sitting in a railway passenger coach which is in motion, and another train which is moving at right angles with or nearly at right angles with the train in which she is traveling should come in collision with her train and knock the locomotive of the train of which her coach is a part off the track, and should jerk and jar the coach in which she is sitting sufficiently to throw her from her seat, would such force be sufficient to cause and would it probably cause the injuries which you have described in the case of Mrs. Burnett?"   To which the witness answered, "Yes."

Witness had testified that he was a physician and surgeon, and had repeatedly examined Mrs. Burnett, and that she was suffering from disease of spine, etc.   Witness had not testified that he was expert in or had any knowledge of the laws of force and motion involved in the inquiry.

2.   It was error to admit evidence of the value of services of Mrs. Burnett, the only allegations of damage being of injury to arm, wrist, and spinal cord, which was alleged to be permanent, and that by reason of suffering she was unable to attend to the ordinary duties of life, to plaintiff's damage; because such pleading did not put the defendant on notice that plaintiff claimed that her services were of any value, and such damage was not the necessary result from the facts stated. Moore v. Anderson, 30 Texas, 230; Glasscock v. Shell, 57 Texas, 220, 221; Railway v. Curry, 64 Texas, 87; Tomlinson v. Town of Derby, 43 Conn., 562; Baldwin v. Railway, 4 Gray, 333.

3.   It was error to allow witnesses who were not shown to be experts, except in surgery and medicine, to give their opinions as to whether a collision of trains in such manner as to throw the woman from her seat would probably cause the injuries which they had described in the case of Mrs. Burnett, because such opinions involved laws of force and motion, of which such witnesses were not competent to give an opinion, and called on them to decide a material issue in the case.   Turner v. Strange, 56 Texas, 143; Clardy v. Callicoote, 24 Texas, 170; Cooper v. State, 23 Texas, 335; Cook v. State, 24 N. J. Law, 852; Lawson Exp. Ev., pp. 134, 135, 139; Hitchcock v. Boyett, 38 Mich., 501.

4.   There is no presumption of law when injury is received as the result of an unusual occurrence that the carrier was negligent, and the court erred in so charging and in not defining to the jury what was

meant by an unusual occurrence, and in requiring defendant to rebut by proof the presumption of evidence deduced from some unusual oc-currence.   Heldt v. Webster, 60 Texas, 208; Railway v. Robinson, 73 Texas, 284.

No brief for defendant in error.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee to recover damages for an injury claimed to have been received by his wife while a passenger on one of appellant's trains.   There was a collision between the train in which appellee's wife was and another, and it is claimed that she was injured by the concussion.

The first and fourth assignments of error present the question whether the court erred in permitting physicians who knew the condition of Mrs. Burnett to give their opinions as to whether her injuries were such as would likely result from such a concussion as was shown, and the court correctly received their evidence.

Without specific averments as to the value of the services of Mrs. Burnett, proof of that fact was received, and it is insisted that this was error.   The petition alleged the character of the injuries received, that they rendered her unable to attend to the ordinary affairs of life, and for this damages were sought, and we are of opinion that the evidence objected to was properly received.   If appellant desired more specific information as to that matter he should have questioned the sufficiency of the petition by special exception directed to the matter.

In the charge the court, as was proper, without giving it any prominence, informed the jury that they could not award damages in excess of the sum claimed, and that this had no effect on the verdict prejudicial to appellant is evident from the fact that the verdict was for only $3000 while the prayer was for $20,000.

The court instructed the jury that before they could find any verdict for plaintiff the evidence must show affirmatively four facts, all of which were essential, and it is urged that such a charge was upon the weight of evidence.   Such was not the character of the charge.

The charge in reference to the measure of damages was not erroneous, and there was nothing in it to indicate to the jury that the court believed the evidence sufficient to sustain any item entering into the quantum of damages.

After instructing the jury that carriers of passengers by rail are required to use the highest degree of care for their safety, and that they are liable for the negligence of their servants resulting in injury to a passenger, the court instructed the jury that "when it is shown by the proof that an injury was received by reason of and as the direct result of an unusual occurrence, then the law presumes the occurrence so causing the injury to have happened by reason of negligence, unless it

further appears by the proof that such unusual occurrence was not the result of negligence, but on the contrary was caused by some circumstance or cause which the exercise of the greatest care and prudence could not have prevented."

The charge was correct in so far as it informed the jury as to the degree of care it was incumbent on appellant to exercise, but so much of the charge as we have quoted was clearly a charge upon the weight of evidence, for it informed the jury that the law presumed negligence from the happening of any unusual occurrence producing the injury. This was equivalent to instructing the jury that they would find the injuries were caused by the negligence of appellant's servants if collisions between railway trains were unusual occurrences and caused the injury or any other unusual occurrence caused the injury, unless appellant brought proof to show that the accident could not have been avoided by the greatest care and prudence.

The statute declares that a judge "shall not charge or comment on the weight of evidence," and the charge in question clearly violated it. Railway v. Robinson, 73 Texas, 284; Heldt v. Webster, 60 Texas, 208.

It may be that the evidence was sufficient to sustain the verdict, but that is not the question we are now to pass upon.

For the error noticed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 21, 1891.