### Central Texas & Northwestern Railway Company v. James H. Luther.

Decided April 25, 1903.

**1.—Personal Injury—Double Damages—Charge.** ·

A charge in an action for personal injury authorizing a recovery "for any future impairment of health and mind," and "for impairment for capacity to labor and earn a livelihood," was not erroneous as authorizing double damages.

**2.—Same—Damages Not Excessive.**

Where a railway mail clerk received injuries from which he was still suffering at the time of the trial, two years thereafter, being weak, nervous and extremely despondent, having been unable for a large part of the time since his injury to attend to his duties, and his physician testified it was impossible to tell how long it would be before he recovered, a verdict for $3800 in his favor was not excessive.

Appeal from the District Court of Ellis. Tried below before Hon. Chas. Fred Tucker, Special Judge.

*Baker, Botts, Baker & Lovett* and *Frost, Neblett & Blanding,* for appellant.

*McLean, Booth & Morton* and *Templeton & Harding,* for appellee.

BOOKHOUT, Associate Justice.—The plaintiff, James H. Luther,

instituted suit in the District Court of Ellis County on January 11, 1902, for the recovery of damages against the Central Texas & Northwestern Railway Company on account of alleged personal injuries resulting to himself by reason of negligence on the part of the defendant in running its passenger train against a switch engine which was negligently placed and left standing on the main track of defendant's railway about one mile east from defendant's station at Waxahachie, in Ellis County, at a switch called a Y, on the 7th day of November, 1900; that plaintiff was at the time of such collision aboard the passenger train in the capacity of a mail clerk in the postal service of the United States government and on a mail car which was a part of said train; that at the time of the collision he was violently forced against a desk in such manner that he was permanently injured in his head, neck, back, spine and kidneys and other parts of his body internally and externally; that in consequence thereof he was for a great length of time confined to his bed, and has ever since been unable to perform any kind of labor without incurring constant pain; that he has from such injury suffered great physical pain and mental anguish; that his mind has been permanently injured. Plaintiff claimed actual damages in the sum of $20,150. Defendant pleaded general demurrer, general denial and not guilty. A trial resulted in a verdict and judgment for plaintiff, and defendant appealed.

*Conclusions of Fact.*—On the 7th day of November, 1900, the appellee, J. H. Luther, who was a postal clerk in the employ of the United States government, running between Ennis and Fort Worth on the Central Texas & Northwestern Railway, was injured by the westbound passenger train colliding with a switch engine which was standing on the main track of said railway company about one mile east of Waxahachie. At the time of the collision appellee was in the mail car in the performance of his duties as postal clerk, and was 42 years of age. The railway company was guilty of negligence in permitting its switch engine to stand on its main track at the time and place it did, and such negligence was the proximate cause of the injury. In deference to the verdict we find that appellee, as a result of the injury, sustained damages in the amount found by the jury.

*Conclusions of Law.*—1. The court instructed the jury in the third paragraph of the charge as follows: "If you believe from the evidence that by reason of the said collision of said passenger train with said switch engine, the plaintiff received any of the injuries complained of by him in his petition, and that by the use of such care by the railway company, or its servants, as would have been used by a very prudent, cautious and competent person under similar circumstances, said collision would not have occurred, you will find for the plaintiff such sum of money as you may find and believe from the evidence to be a fair and reasonable compensation for any physical and mental pain which,

from the evidence, you may find that he has suffered or may probably hereafter suffer by reason of such injury or injuries, and for any future inpairment of his health or mind (if from the evidence you should find and believe there will be any such future impairment as the direct result and consequence of such injury or injuries), and for any impairment of his capacity to labor and earn a livelihood for himself and his family (if from the evidence you should believe that there has been any such impairment as a result and consequence of such injury or injuries)." It is insisted that this charge is confusing in that the jury may have been induced thereby to assess double damages for the same loss. The contention is that damages "for any future impairment of health and mind" are included in damages "for impairment of capacity to labor and earn a livelihood for himself and family." If it can be said that impairment of "health and mind" is necessarily included in the impairment of "capacity to labor and earn a livelihood," then the contention would seem to be well taken. It will be noted that it is not contended that each of these disabilities does not furnish a ground for recovery of damages, but it is insisted that the jury may have been confused by the language used into giving a double recovery for the same loss. It can not be said that the impairment of health and mind necessarily impairs one's capacity to labor and earn a livelihood. In order for the jury to have placed such a construction upon the charge we think they would have been compelled to ignore the usual and ordinary meaning of the language used. We must presume that the jury was composed of men, fair minded and of ordinary intelligence, who would not give a forced construction to the court's charge for the purpose of enabling them to give double damages for the same injury. We do not think the jury could have been misled by the language of the charge into giving double damages for the same loss, and hence the criticism made to the charge is not tenable.

2. It is contended that the verdict of the jury is excessive. Appellee was injured on the 7th of November, 1900, and the case was tried October 30, 1902. During the intervening time, nearly two years, appellee was suffering from his injuries, and for a large part of the time was unable to attend to the duties of his employment as railway mail clerk. He was suffering from his injuries at the time of the trial, and his physicians testified that it was impossible to tell how long it would be before he would recover. He suffers from nervousness in his back and head and does not rest well at night. He is extremely despondent, and is weak and nervous. Prior to his injury his health was excellent and his constitution was perfect. The jury awarded him $3800 for his injuries. In the light of the evidence we can not say that the verdict is excessive.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.