FORT WORTH & DENVER CITY RAILWAY COMPANY v. J. R. DAY.

Decided April 25, 1908.

**1.—Railroads—Collision—Negligence—Burden of Proof—Charge.**

Proof of a collision by a passenger train with unguarded cars on the main line of a railway company's track is *prima facie* evidence of negligence, and, in the absence of evidence contradicting or explaining the occurrence, will support or even require a finding in favor of a passenger injured in such collision. But when the defendant company has introduced evidence tending to free it from the imputation of negligence it is error for the court to charge the jury that the burden of proof is on the defendant. The burden of proof on the whole case is on the plaintiff, and this can be discharged only by a preponderance of the evidence in his favor.

**2.—Same—Case Stated.**

In a suit for damages for personal injuries caused by a collision of a passenger train with two freight cars, which had been blown by a storm from a side-track onto the main line of a railroad, evidence considered, and held to raise a question of fact as to defendant's negligence, which should have been submitted to the jury.

Appeal from the District Court of Montague County. Tried below before Hon. Clem B. Potter.

*Spoonts, Thompson & Barwise, Jas. A. Graham* and *Chambers & Cook,* for appellant.—It was error to instruct the jury that from the single fact of a collision between the passenger train and some box cars on the main line plaintiff would be entitled to recover, where there is evidence that such collision was not the result of defendant's negligence. Mex. Cent. Ry. Co. v. Lauricella, 87 Texas, 279; Galveston, H. & S. A. Ry. Co. v. Fales, 77 S. W., 234.

The charge required defendant to show a want of negligence on its part in causing the wreck, by a greater degree of proof and to a greater certainty than is required by law in a civil case, even if the burden of proof was properly charged upon defendant. Knights of P. v. Steel, 63 S. W., 1126; Eberhardt v. Sanger, 8 N. W., 111; Fury v. State, 8 Texas App. (Criminal), 471.

*J. H. Harper* and *W. S. Jamison,* for appellee.

SPEER, ASSOCIATE JUSTICE.—J. R. Day sued the Fort Worth & Denver City Railway Company to recover damages for personal injuries received by him in a collision between one of its passenger trains, on which he was a passenger, and two box cars loaded with wheat which had escaped onto the main line from a switch track during a storm, and from a judgment in his favor the company has appealed.

The following paragraphs of the court's charge are objected to as being on the weight of the evidence and wrongfully imposing upon appellant the burden of proof: First. "The accident in which plaintiff claims to have been injured occurred by reason of a collision between defendant's passenger train and some of its box cars on the main line. You are therefore instructed to find for the plaintiff, unless you find for defendant under instructions hereafter given you." Fourth. "In this case you

will find for the plaintiff unless the defendant establishes by a preponderance of the evidence that the wreck in which plaintiff claims to have been injured was caused without negligence as herein defined on the part of the defendant or its employes." Eighth. "The burden of proof is on the defendant to show by a preponderance of the evidence that the wreck was caused by other causes than the negligence of the defendant, if any, and that the negligence, if any, of the defendant in no wise contributed thereto, and unless it has done so, you will find for the plaintiff."

That proof of a collision by a passenger train with unprotected box cars on the main line of a railway company's track is *prima facie* evidence of negligence, can not be disputed, and that such *prima facie* evidence uncontradicted or unexplained will support or even require a finding in favor of a passenger injured as a consequence of such collision, is also not to be disputed. In such a case it devolves upon the defendant company to introduce evidence explaining the occurrence in such a way as to free itself from the imputation of negligence, and where it has attempted to do so the trial court is not authorized to charge the jury that the burden of proof is on the defendant company. Under the well established rules of evidence in this State the burden of proof on the whole case is on the plaintiff, and the mere fact that he has discharged that burden at some stage of the proceeding by proof amounting to a *prima facie* case, does not authorize an instruction that the burden then shifts to the defendant to establish by a preponderance of the evidence its freedom from negligence, for, as pointed out by Chief Justice Gaines in Mexican Cent. Ry. Co. v. Lauricella, 87 Texas, 277, the defendant would be entitled to a verdict if the evidence upon the issue was balanced—that is, if it preponderated on neither side.

We can not excuse this charge as being harmless under the facts of this case, since the evidence of appellant tended to show that the two cars of wheat with which the train in question collided were placed on a side switch at Iowa Park and the switch properly lined up for the main line,—that is, in such way as to allow trains to pass,—and the derailing attachment of the switch thrown in such a way as to turn the cars from the main line, and the switch itself locked prior to the storm which blew the cars out onto the main line, and that after the storm and the collision it was discovered the switch had been turned so as to allow the cars to pass out onto the main line and locked. The evidence also tended to show that if the cars had passed out while the switch was lined up for the main line, the points of the switch would have been bent but that they bore no such evidence. Appellant's section foreman testified that he was the only person in Iowa Park who was supposed to have a key that would fit the switch lock, and he could not account for the escape of the cars. The accident occurred a few miles south of Iowa Park. While there was evidence tending to show that a proper protection of the cars of wheat left standing on the side track would have required other precautionary measures than those enumerated, yet we are unable to say that this evidence did not tend to show that the accident resulted without negligence on appellant's part. In other words, on the whole case it was a question for the jury to deter-

mine whether or not appellee's injuries were proximately caused by appellant's negligence. The evidence was not such as to justify the trial court in taking this issue from the jury.

For the error thus pointed out the judgment of the District Court is reversed and the cause remanded for another trial.

*Reversed and remanded.*