## ABILENE & S. RY. CO. v. BURLESON.

(Court of Civil Appeals of Texas. Ft. Worth. January 18, 1913.)

1. WITNESSES (§ 345*)—IMPEACHMENT—PROOF OF INDICTMENT FOR MISDEMEANORS.

A witness in a civil action may not be impeached by proof that he has been indicted for misdemeanors.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1126–1128; Dec. Dig. § 345.*]

2. WITNESSES (§ 350*)—PARTY TO CIVIL SUIT AS WITNESS—IMPEACHMENT.

Under Rev. Civ. St. 1911, art. 3688, providing that no person shall be incompetent to

---

testify because he is a party to the suit, and article 3647, providing that either party may examine the opposing party as a witness, but the examination must be conducted under the rules applicable to other witnesses, a party to a civil suit who testified in his own behalf may not be impeached by proof that he has been indicted for misdemeanors.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1140–1149; Dec. Dig. § 350.*]

3. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—ACTIONS—BURDEN OF PROOF.

The burden of proof on the whole case resting on a passenger suing for injuries by the derailment of the train never shifts, though proof of an accident to the train and injury to the passenger creates a presumption of fact against the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—COMMENT ON WEIGHT OF EVIDENCE.

A charge in an action for injuries to a passenger by the derailment of the train that, if the train was derailed, the fact of derailment is prima facie evidence of the carrier's negligence, is objectionable as a comment on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

5. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE.

Where, in an action for injuries to a passenger by the derailment of a train, there was evidence of a reasonable explanation of the derailment, a charge that, if the train was derailed, the burden was on the carrier to show that it was not caused through its negligence, and that the fact of derailment was prima facie evidence of negligence, was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by R. C. Burleson against the Abilene & Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

D. T. Bomar, of Ft. Worth, and Ben L. Cox, of Abilene, for appellant. Mahaffey & Fulwiler, of Abilene, for appellee.

CONNER, C. J. This is an appeal from a judgment for $1,200 in the appellee's favor for personal injuries received in the derailment of a passenger car upon which appellee was a passenger on the 17th day of September, 1911. Appellee alleged that the servants of the defendant railway company were negligent in the manner in which they were running the train at the time of the derailment and negligent in that it permitted its track and switches and equipment to be and remain in a defective and dangerous condition. The defendant answered by a general denial, and specially that the plaintiff was not injured as claimed by him in his petition, but that his action was a fraudulent effort to extort money from the company. The trial was before a jury, and resulted in a judgment as stated.

[1, 2] The evidence on the issue of wheth-er plaintiff was injured by the derailment of the car was conflicting, and while the plaintiff was testifying in his own behalf as a witness the defendant sought to show by him on cross-examination, as the bill of exception shows could have been done, that the plaintiff had been indicted in Taylor county in seven different cases, one of which was for theft, another for an assault, another for carrying a pistol, and others for divers and sundry offenses, all of which were misdemeanors under the laws of this state. The evidence was offered only as affecting the credibility of the plaintiff as a witness, and as tending to support the theory of the defendant that the bringing and prosecution of the suit was the result of a conspiracy and fraud on the part of the plaintiff to feign and claim an alleged injury that did not occur. The court sustained the plaintiff's objection that a witness in a civil action could not be thus impeached. While the authorities on the subject are not uniform, we are of the opinion that the court's ruling was correct. In answering a certificate from this court, the subject received the careful consideration of our Supreme Court in the case of M., K. & T. Ry. Co. of Texas v. Creason, 101 Tex. 335, 107 S. W. 527, and it was there held after a review of the authorities that a witness in a civil suit in this state could not be so impeached or discredited even on cross-examination. To the same effect is the ruling of the Court of Civil Appeals for the Fifth District, as will be seen by reference to the opinion in the case of Hazard v. Western Commercial Traveler's Ass'n, 54 Tex. Civ. App. 110, 116 S. W. 625. Also see Wigmore on Evidence, § 982, p. 1110, and 40 Cyc. 2603, 2604. It is urged that this case is to be distinguished from those of our own courts referred to in that in the present case the witness sought to be impeached was a party, and for the further reason that herein the issue of a simulated injury was presented, but we are unable to see that the distinctions pointed out should alter the rule as already established. The statute of this state has removed the common-law incompetency of persons interested in the issue to be tried and of parties to the suit to testify (see Revised Statutes 1911, art. 3688), and at the same time places them upon the same footing as other witnesses. See Revised Statutes 1911, art. 3647, which provides that either party to a suit may examine the opposing party as a witness, but that his examination shall be conducted and his testimony shall be received under the same rules applicable to other witnesses. It is obvious, we think, that, except as affecting the plaintiff's credibility as a witness, the offered testimony has no relevancy to the issue of fraud, and we accordingly conclude that appellant's first assignment of error raising the question discussed should be overruled.

[3-5] We are of opinion, however, that

appellant's eighth and ninth assignments of error must be sustained. Therein complaint is made of the action of the court in giving special charges Nos. 1 and 2 requested by the plaintiff. These charges read as follows:

"(1) You are instructed that, if you believe that defendant's train was derailed as alleged, then the burden is on the defendant to show that same was not caused through the negligence of defendant."

"(2) You are instructed that, if you believe that defendant's train was derailed as alleged by plaintiff, the fact of such derailment is prima facie evidence of the negligence of defendant."

The fact of derailment was undisputed and the charge first quoted plainly shifted the burden of proof on the issue of negligence to the defendant, whereas it is well settled that the burden of proof on the whole case never shifts from the plaintiff, and the second charge quoted was just as plainly a comment upon the weight of the evidence. It assumed as a matter of law that the mere fact of derailment established in the first instance the important issue of the negligence charged. True it has been said that where an accident happens upon a railway from which a passenger sustains an injury by the breaking down of the carriage or by the running off of the train, or by the spreading or breaking of the rails, the very nature of the occurrence will be prima facie evidence of negligence in the company or its servants. See Hutchens on Carriers, 800; Mex. Cent. Ry. Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103. But the presumption spoken of is one of fact, and not of law, and it may be well doubted in the present state of our decisions whether it should be given in charge to the jury. Certainly not where, as in this case, there is a reasonable explanation of the derailment attempted. See Ft. W. & D. C. Ry. Co. v. Day, 50 Tex. Civ. App. 407, 111 S. W. 663; St. L. S. W. Ry. Co. v. Parks, 97 Tex. 131, 76 S. W. 740; S. A. & A. P. Ry. Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Tex. Cen. R. R. Co. v. Burnett, 80 Tex. 536, 16 S. W. 320; Western Transportation Co. v. Downer, 78 U. S. (11 Wall.) 129, 20 L. Ed. 160. As clear a statement perhaps as to how the derailment in question occurred is that made by the plaintiff. He testified: "That car (one in which plaintiff was riding) was derailed. I know whether there was a switch near that car. There was a switch near the car, and the front trucks tried to take down the switch and the back trucks tried to hold to the main line, and they went that way a good piece and then jerked from the—they went as far as they could, and then jumped the track to come back to the main line, and then is when I received my injury, when they came back to the main line and hit the railing as well as I remember." The witness Ira Dorton, who was the conductor in charge of the train, testified that they were just coming into the yards at Abilene running 'something like six or seven miles an hour, * * * that, if the track was in good condition and everything was in proper repair, of course, there would be less danger of the train running off the track,' but then I have had wrecks when you could not find out what was the cause for them. They just naturally get off the track. When a train running eight miles an hour leaves the track, I don't know whether there is something wrong either with the rolling stock or the track, or something out of line. There is liable to be a stick on the track, or a chunk or anything, or something dropped down." J Behrens, appellant's master mechanic, testified that he was near the wreck, and in answer to the call of the engineer walked to the switch mentioned in the testimony of the plaintiff, and found the bolt which secures the horizontal rod with which the switch points are moved, displaced, and lying on "one side of the bar, and the nut alongside of it on the same side between four and six inches from the hole where it fits up in there." He further testified that from his experience as a railroad man he "would say that it is not possible for the bolt and nut to work out of there and both fall on the same side of the rail; that is, not ordinarily. In the condition in which I found the bolt and the nut I am of the opinion that it was taken out." Percy Jones, the chief engineer, testified that: "There was nothing the matter with the train. I saw the damage done after the wreck. I inspected the flanges before that; then everything was in good repair. I have been a railroad man about nine years. A train running eight miles an hour on a track in good condition is not likely to run off of the track and wreck without cause. If it does run off and wreck, when not running faster than that there is a cause. A defective switch could cause it. There was not any defect in that switch. There was a defect in the working of the switch by reason of a bolt being out. That bolt belonged between the switch rod and the head rod of the switch. If the bolt had worked out in the use of the switch, the bolt would have been found lying down right by the side of the switch, the bolt on one side and the nut on the other." J. A. Garrett testified that he was the section foreman in charge of the section of track where the wreck occurred, and that he "last looked at the switch on Friday morning before the wreck occurred on Sunday. It was then in good condition. I noticed the bolt that tied the connecting bar to the switch. I worked right there a little while. The bolt was intact Friday." Under the circumstances stated, we conclude that the issues of negligence as alleged should have been left to the jury without the influence of the erroneous charges given.

In view of the conclusions above noted, we think it unnecessary to discuss other assign-

ments of error, but for the errors of the court's charge it is ordered that the judgment be reversed, and the cause remanded.