ABILENE & S. RY. CO. v. BURLESON.
(No. 8049.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 28, 1914. Rehearing Denied Jan. 9, 1915.)

1. CARRIERS ⨺318 — PASSENGER'S ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In a passenger's action for injuries caused by the derailment of a car in which he was riding, evidence *held* sufficient to sustain a jury finding that plaintiff was injured in such derailment, notwithstanding the contention that his evidence as to the direction in which he was thrown was contrary to the laws of momentum.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. ⨺ 318.]

2. DAMAGES ⨺130 — EXCESSIVENESS — PERSONAL INJURIES.

Where, in an action for injuries to a passenger caused when the car in which he was riding was derailed, by lurches which threw him against another passenger and the window of the car, and then across the aisle against the arm of a seat, there was evidence that he received severe injuries, that he suffered much pain, and that he was required to expend considerable sums for medical attention, a verdict for $3,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. ⨺130.]

Appeal from District Court, Jones County; John B. Thomas, Judge.

Action by R. C. Burleson against the Abilene & Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, and Chapman & Coombes, of Anson, for appellant. Mahaffey & Fulwiler and W. J. Cunningham, all of Abilene, for appellee.

CONNER, C. J. Appellee recovered a judgment for $3,000 for personal injuries alleged to have been received in a derailment of one of appellant's passenger cars in September, 1911, at Abilene, Tex. A more complete statement may be seen by a reference to our opinion on a former appeal. See Abilene & Southern Ry. Co. v. Burleson, 157 S. W. 1177.

But three questions are presented on this appeal. They are: Did the court err in excluding evidence of appellee's indictment for theft and other misdemeanors? If not, then does the evidence support the conclusion that appellee was injured in the wreck at all? And, if so, whether the verdict is excessive?

[1] The first question was determined by us adversely to appellant on the former appeal, and hence need not now be discussed. The second question depends upon the construction to be given to the evidence. There is evidence, briefly stated, tending to show that the train at the time was moving in a northerly direction and running at the rate of 10 to 15 miles an hour; that when the derailment occurred it left the track to the right, the left-hand wheels of the passenger coach running upon the ties inside of the western rail, while the right-hand wheels were upon the ground to the right; that there were three distinct "lurches" of considerable force; that after the first lurch the plaintiff became frightened and rose to his feet, the car at the time being careened to the right at an angle of about 45 degrees; that after rising to his feet the second lurch of the car occurred which threw him forward and to the right against the body of another person sitting in the same seat with him and against the window of the car; that after a brief interval the third lurch occurred, which appellee testified threw him in the opposite direction across the aisle and on to the arm of the seat just behind the one immediately opposite to which he had been sitting, and from which he suffered the injuries alleged. The contention is that it was impossible for plaintiff to have been so thrown, it being insisted that his projection backward and to the southwest, as testified to by appellee, is in opposition to the laws of momentum. After a consideration of the evidence, however, we feel unable to sustain this contention and disturb the finding that must be imputed to the jury's verdict in appellee's favor on the issue. There was other testimony corroborating plaintiff as to the

number and violence of the lurches, and the evidence fails to affirmatively show that the momentum of the car was impeded or impelled at the time of the last lurch in the same direction as the first. To illustrate: If, at the time of the derailment, the car was going at the rate of 15 miles an hour, and the train in front of the car upon which appellee was a passenger was suddenly checked, the law of momentum would throw plaintiff forward as he testified he was first thrown. It is not impossible that the third lurch was caused by some sudden jerk of the forward part of the train, the natural tendency of which was to throw appellee backward, as he testified. At any rate, there is no affirmative proof necessarily in conflict with appellee's statement on the point.

[2] On the third and last question presented we feel impelled likewise to overrule appellant's contention. While there was evidence tending to show that appellee received his injuries in some other way, and that they were not so great as he sought to show, yet his own, and other testimony tended to show that his injuries were severe; that he suffered much pain; was required to expend considerable sums for medical attention, etc. So that, on the whole, we think the case fairly within that class of cases which support the amount of the recovery herein. See G., C. & S. F. Ry. Co. v. Norfleet, 78 Tex. 325, 14 S. W. 703; Central Texas & N. W. Ry. Co. v. Luther, 32 Tex. Civ. App. 309, 74 S. W. 589; Atchison, etc., Ry. Co. v. Frier, 22 S. W. 6; Galveston, H. & S. A. Ry. Co. v. Cade, 93 S. W. 129; International, etc., Ry. Co. v. Elkins, 54 S. W. 931.

No other question having been presented by the assignments of error, it is ordered that the judgment be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes