**TALERICO et al. v. GARVIN.** (No. 6405.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1920. Rehearing Denied June 2, 1920.)

**1. Witnesses ⬤⟾345(1) — Not impeached by showing indictment.**

A witness cannot be impeached by showing that he had been indicted.

**2. Witnesses ⬤⟾345(2)—Not impeachable by conviction of other than infamous crime.**

A witness is not incompetent and so cannot be impeached, in a civil case, by reason of having been convicted of a crime, not an infamous crime under the common law, as defrauding a railway company, in violation of the Interstate Commerce Act.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by W. H. Garvin against Frank Talerico and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

P. H. Shook, and Carl, Swearingen & Clifton, all of San Antonio, for appellants.
Victor Keller, of San Antonio, for appellee.

FLY, C. J. Appellee sued Blas Catalini, Frank Talerico, and Willie Talerico, doing business under the firm name of Frank Talerico, to recover the sum of $1,197.02, alleged to be due on a car of fancy Bartlett pears shipped to them by appellee from the state of Colorado, and for which they refused to pay. The appellants defended on the ground that the pears arrived in a damaged condition, and appellants refused to accept the same and so notified appellee, and they impleaded the Galveston, Harrisburg & San Antonio Railway Company, and prayed for judgment over against it in case of a recovery by appellee. The cause was presented to a jury on one special issue:

"Did defendant Talerico accept the car of fruit on the team track of the defendant railway company?"

The jury answered in the affirmative, and the court rendered judgment in favor of appellee against appellants for $1,400.66, principal and interest, and that appellants take nothing on their cross-action against the railway company. This appeal is prosecuted as between appellants and appellee, the railway company being omitted from the appeal bond.

[1, 2] The principal witness for appellants was Willie Talerico, and, with his testimony discredited, the defense presented to the claim of appellee was greatly weakened, if not destroyed. Under this state of facts, appellee, over the objections of appellants, introduced in evidence the copy of an indictment returned to the United States District Court for the Western District of Texas charging Willie Talerico with offenses against the Interstate Commerce Act (24 Stat. 379) in defrauding certain railway companies. Appellee was also allowed to prove that the witness was convicted on the charge and fined $1,000. All of the testimony in connection with the charge in the federal court was objected to by appellants, on the grounds that the witness was not convicted of a felony, nor could the witness be impeached by such testimony. The sole object of the testimony was the impeachment of the witness, and not to disqualify him as a witness. No objection was interposed to Willie Talerico being introduced as a witness on the ground that he was disqualified by his conviction, but he was allowed to testify, and then the testimony objected to was introduced on cross-examination for purposes of impeachment alone. In the case of Railway v. Creason, 101 Tex. 335, 107 S. W. 527, the Supreme Court, in answer to a certified question from the Court of Civil Appeals of the Second District, held:

"That it was not competent on cross-examination to impeach the witness Apple by proving by him that he had been indicted for a felony or other crime."

So in the case of Western Assurance Co. v. Hillyer, 167 S. W. 816, this court held:

"That it is not competent to impeach a witness by proving that he has been indicted for a felony or other crime, and the inquiry should be confined to proof of general reputation for truth."

That rule is well established in Texas Railway v. Dumas, 93 S. W. 493; Railway v. Burleson, 157 S. W. 1177; Cooper Grocery Co. v. Neblett, 203 S. W. 365.

In the last-cited case, it was held that a conviction for unlawfully engaging in the business of a retail liquor dealer and imprisonment in the penitentiary was not a conviction for such infamous crime as would render a witness incompetent to testify, and not being incompetent his former conviction was not admissible to impeach his testimony. It must be kept in view that there is no law in civil cases, as in criminal cases, disqualifying a witness if convicted of a felony, and the common-law rule in civil cases must prevail. Under the common law, a person who had been convicted of treason, felony, and what was denominated crimen falsi, rendered a witness incompetent to testify. As stated by Mr. Greenleaf in his work on Evidence, § 373, the extent and meaning of the term crimen falsi is not laid down with precision, however, the common law does not make the term so extensive as does the civil law, and does not as in the civil law include deceits in the quality of provisions, deceits by false weights and measures, conspiracy to defraud by spreading false news and several others. The author gives as examples of crimes, conviction of which render a witness incompetent, forgery, perjury, subornation of perjury, suppression of testimony by bribery, or conspiracy to procure the absence of a witness, or other conspiracy, to accuse of a crime, and barratry. To generalize, it is a conviction of a crime which may injuriously affect the administration of justice, by the introduction of falsehood and fraud.

The crime, for which Willie Talerico was convicted in the federal court, was that of perpetrating a fraud on a railway company and obtaining money from it, and was not, under the common law, a conviction for an infamous crime. The conviction did not render the witness incompetent, and consequently he could not be impeached by showing the conviction. Railway v. Burleson and Grocery Co. v. Neblett, herein cited.

It is held in this state that, where a party has pleaded guilty to a misdemeanor under an indictment charging both felony and misdemeanor, the conviction is not admissible to impeach him as a witness. Railway v. Dumas, hereinbefore cited, in which a writ of error was denied by Supreme Court. In the cases of Railway v. De Bord, 21 Tex. Civ. App. 691, 53 S. W. 587, and Winn v. Winn, 23 Tex. Civ. App. 617, 57 S. W. 80, it was held that convictions for theft cannot be shown to impeach a witness in a civil case.

The judgment is reversed and the cause remanded.