## HOLT v. LOWDEN et al.

### No. 14086.

Court of Civil Appeals of Texas. Fort Worth.

April 26, 1940.

Rehearing Denied May 24, 1940.

C. A. Wright and Sol Gordon, both of Fort Worth, for appellant.

Walker, Smith & Shannon and Jenkins Garrett, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

Paul Holt shipped by railroad, on a through bill of lading, 23 mares from Rosebud, Montana, to Fort Worth, Texas, and they were delivered at their destination on October 23, 1937, by the trustees of the Chicago, Rock Island & Gulf Ry. Co., one of the connecting carriers. This appeal is prosecuted by Holt from an adverse judgment rendered in his suit against those trustees for damages claimed by him to have resulted from negligence of the carriers in transportation, which caused the animals to sustain injuries that depreciated their market value in the sum of $667.50.

In answer to the first three special issues submitted to them, the jury found that the animals were in good condition when they started on the trip, and in an injured condition when delivered to the consignees in Fort Worth, and that by reason of the injuries they suffered in transit, their market value was depreciated in the sum of $230.

But in answer to the fourth special issue, they further found that the injuries so sustained by the animals "were caused solely as a result of the inherent vices and natural propensities of the animals."

On that verdict, judgment was rendered for the defendants.

■ There was no caretaker in charge of the animals on the trip, and no testimony was introduced to show any improper handling or explanation as to what caused the injuries. Appellant insists that the finding of the jury in answer to issue No. 4 was without sufficient support in the evidence.

Defendants introduced two Veterinarians as witnesses, Drs. L. H. Baker and W. C. Butler, both of whom inspected the animals after their arrival in Fort Worth. Dr. Baker has followed the occupation of Veterinarian for 25 years; was employed by the Western Weighing & Inspection Bureau for 12 years; examined the animals when unloaded in Fort Worth, and again three days later; he found some of the mares with a considerable portion of the bush of their tails plucked out; others with wounds in breast, legs, knees, hocks, etc., and from the character and location of those injuries it was his opinion they were caused by fighting and kicking of the animals among themselves; also that plucking of tails is one of the propensities of young animals that have been transported and of those that have not been transported, especially with range animals, as were this shipment. His testimony was based on his actual observations on other occasions. Dr. Butler's testimony was to a like effect with respect to the injuries testified to by Dr. Baker.

Such testimony was sufficient to support the findings of the jury in answer to Issue No. 4. Peveto v. Smith, Tex.Com. App., 133 S.W.2d 572; Wininger v. Ft. Worth & Denver City Ry. Co., 105 Tex. 56, 143 S.W. 1150; Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S.W. 585; Traders & General Insurance Co. v. Durbin, TexCiv.App., 119 S.W.2d 595; McCarty v. Hogan, Tex.Civ.App., 121 S.W.2d 499, writ dismissed; Hulsey v. Patterson, Tex.Civ.App., 121 S.W.2d 509.

■ Nor is there merit in the further contention that their testimony was not admissible for lack of qualifications of those witnesses as experts. Liner v. United States Torpedo Co., Tex.Com.App., 12 S. W.2d 552; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; Texas Central Ry. Co. v. Burnett, 80 Tex. 536, 16 S.W. 320; Texas Employers Insurance Association v. Jimenez, Tex.Civ.App., 267 S.W. 752; Zurich General Accident & Liability Ins. Co. v. Kerr, Tex.Civ.App., 54 S.W.2d 349, writ refused; International & G. N. Ry. Co. v. McCullough, Tex.Civ.App., 118 S.W. 558; Crockett v. Troyk, Tex.Civ.App., 78 S.W.2d 1012, writ dismissed.

■ If the injuries suffered by the animals resulted solely from inherent vices and natural propensities, as found by the jury, that was a perfect defense to the suit, since it is a well established rule of decisions in this State that a common carrier of livestock is not an insurer against injuries during shipment, but is liable only for such as result from its negligence in handling them. 8 Tex.Jur., sect. 144, p. 227, and sect. 153, p. 242; Wichita Valley Ry. Co. v. Turbeville, Tex.Civ.App., 269 S.W. 498; Galveston H. & S. A. Ry. Co. v. Crowley, Tex.Civ.App., 214 S.W. 721; Ft. Worth & D. City Ry. Co. v. Berry, Tex.Civ.App., 170 S.W. 125, and other authorities cited in those decisions.

■ Appellant invokes the rule announced in 8 Tex.Jur., sect. 153, p. 242, and

320

decisions there cited, that a common carrier is liable for an injury to animals in transit, caused in part by its negligence and in part by an excepted cause, for which he is not accountable, such as the Act of God or the inherent vices or natural propensities of the animals; in other words, if the negligence of the carrier contributes to bring about such injuries then the carrier is liable—and that it has the burden of proof to show that the injury was attributable to one of the excepted causes. It is then argued that in the absence of a specific finding by the jury that none of the connecting carriers who transported the shipment was guilty of negligence in handling the animals, no defense to plaintiff's suit was established; even though the evidence was sufficient to show that the injuries to the animals were caused in part by their inherent vices and natural propensities, for which the carriers were not liable.

A sufficient answer to that contention is that the finding of the jury that the injuries to the animals were caused solely by their inherent vices and natural propensities, necessarily included a finding that the same were not due to any negligence of the carriers. Nor did plaintiff request the court to submit to the jury the issues as to whether or not there was negligence in the handling of the shipment by the carriers, while in transit, and whether the same was a contributing cause of the injured condition of the animals at the time they reached their destination in Fort Worth. If in view of the character of the injuries testified to by defendants' witnesses, plaintiff would have been entitled to a submission of those issues to meet the testimony introduced by defendants that the injuries were due solely to the inherent vices and natural propensities of the animals, under the doctrine announced in 41 Tex.Jur., sect. 280, p. 1115, and numerous decisions there cited, then his failure to request such issues and to object to Issue No. 4 on the ground that it improperly included both the issue of inherent vices and natural propensities of the .animals, and also the issue of negligence of the carriers, as a contributing cause of the injuries suffered by the animals, and to bring forward that objection by a proposition predicated on a proper assignment of error, precludes him from now complaining of the failure of the court to submit such issues separately and affirmatively, or of their inclusion in Issue No. 4, as above

noted. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276; Texas & N. O. Ry. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649; Robertson & Mueller v. Holden, Tex.Com.App., 1 S.W. 2d 570; Vernon's Tex.Civ.St. Arts. 2185 and 2190.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.